UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| EMILIO REYES, | Case No. 17-cv-1187 DMS (BGS) |
|---|---|
| Plaintiff, | **ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)** |
| v. | |
| BUREAU OF INDIAN AFFAIRS PACIFIC REGIONAL OFFICE, | |
| Defendant. | |

Plaintiff Emilio Reyes, a nonprisoner proceeding *pro se*, brought an action under the Freedom of Information Act ("FOIA") against Defendant Bureau of Indian Affairs Pacific Regional Office. Plaintiff has not paid the $400 civil filing fee required to commence this action, but rather, has filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

**A. Motion to Proceed IFP**

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of a suit without prepayment of fees if plaintiffs submit an affidavit, including a statement of all their assets, showing that they are unable to pay filing fees. *See* 28 U.S.C. § 1915(a). Here, Plaintiff has submitted an affidavit sufficiently showing that he lacks the financial resources to pay filing fees. Accordingly, Plaintiff's

motion to proceed IFP is granted.

**B.     *Sua Sponte* Screening**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a), is subject to a mandatory and *sua sponte* review and dismissal by the Court, if it finds the Complaint is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Initially, Plaintiff seeks access to certain documents in Defendant's possession and production of a *Vaughn* index of documents withheld by Defendant pursuant to FOIA.[1] The FOIA "provides for the mandatory disclosure of information held by federal agencies, unless the requested material is exempt from mandatory disclosure." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220–21 (1978). To state a claim under the FOIA, a plaintiff must show "that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). Here, there is no allegation that Defendant improperly withheld any agency records when requested by Plaintiff in a timely fashion. Rather, Plaintiff merely seeks certain documents in Defendant's possession, where "[t]he precise documents to which [P]laintiff seeks access are contained in an online request dated April 1, 2016 to the Indian Affairs FOIA Office[.]" (Compl.) Moreover, Plaintiff

---

[1] The term "*Vaughn* Index" originated from *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), where the court rejected an agency's conclusory affidavit to the effect that requested FOIA documents were subject to exemption. "The purpose of a Vaughn Index is 'to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding.'" *Citizens Comm'n on Human Rights v. Food & Drug Admin.*, 45 F.3d 1325, 1328 (9th Cir. 1995) (quoting *Wiener v. FBI*, 943 F.2d 972, 977 (9th Cir. 1991)).

requests production of a *Vaughn* Index, contending "[it] would be particularly useful in sharpening the issues and permitting the plaintiff to test the bases for the government's exemption claims." (*Id*.) This is insufficient to state a claim under the FOIA. Accordingly, the Court *sua sponte* dismisses the Complaint without prejudice.

**IT IS SO ORDERED.**

Dated: June 26, 2017

Hon. Dana M. Sabraw
United States District Judge